UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FRANCALIQUE GREEN,** | ) | **Case No.** |
| | ) | |
| | ) | **Judge** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge** |
| v. | ) | |
| | ) | |
| | ) | |
| **P.O. DYKER #19236,** | ) | |
| **Individually, and THE CITY OF** | ) | |
| **CHICAGO, A Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, FRANCALIQUE GREEN**,** by and through her attorneys, **The Law Office of C.N. Norris, LLC**, and complaining against the Defendants, P.O. DYKER #19236 Individually, and the CITY OF CHICAGO, a Municipal Corporation, as follows:

## COUNT I –42 U.S.C. § 1983 FALSE ARREST

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, FRANCALIQUE GREEN, accomplished by acts and/or omissions of the Defendant, P.O. DYKER #19236, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, FRANCALIQUE GREEN, was at all relevant times a United States Citizen and resident of the State of Illinois.

4. At all relevant times the Defendant, P.O. DYKER #19236, was a duly appointed Chicago Police Officer acting within the scope of his employment and under color of law.

5. The CITY OF CHICAGO is a statutory municipal corporation and the employer of the Defendant.

6. On July 5, 2019, Plaintiff, FRANCALIQUE GREEN, was in the vicinity of 265 E. Chestnut Street, Chicago, IL.

7. Plaintiff, FRANCALIQUE GREEN, was a passenger in a car driven by Dylan McMurry.

8. At no point in time on July 5th, 2019 was Plaintiff ever driving a vehicle that had Dylan McMurry as an occupant in the vehicle.

9. As the car approached the vicinity of 265 E. Chestnut Street, Chicago, IL, Dylan McMurry crashed the vehicle that the Plaintiff was a passenger in.

10. Subsequent to the crash, and while the Plaintiff was still on the scene of the crash, Defendant P.O. DYKER #19236 approached and confronted the Plaintiff, FRANCALIQUE GREEN, who was not committing a crime or breaking any laws

11. Defendant P.O. DYKER #19236 then falsely arrested the Plaintiff for recklessly driving the vehicle involved with the crash and for leaving the scene of the crash.

12. Defendant P.O. DYKER #19236 did not have probable cause for the arrest of Plaintiff, FRANCALIQUE GREEN.

13. The charges against the Plaintiff were false.

14. The actions of Defendant P.O. DYKER #19236 were pursuant to the customs, policies, and practices of the Chicago Police Department.

15. The actions of the Defendant P.O. DYKER #19236 were intentional, willful, and done with malice.

16. The actions of Defendant P.O. DYKER #19236 violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

17. As a result of the actions of Defendant P.O. DYKER #19236, the Plaintiff suffered pain, suffering, monetary loss, and emotional distress.

**WHEREFORE** the Plaintiff, FRANCALIQUE GREEN, prays for judgement against Defendant P.O. DYKER #19236 for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

## COUNT II – 42 U.S.C. § 1983 EXCESSIVE FORCE

1-17. The Plaintiff, FRANCALIQUE GREEN, re-alleges paragraphs 1-17 of Count I as paragraphs 1-17 of Count II as though fully set forth herein.

18. At the time that Defendant P.O. DYKER #19236 confronted and arrested the Plaintiff, he aggressively grabbed both of her arms and roughly put handcuffs on the Plaintiff, resulting in injury to her.

19. At the time he put handcuffs on her, he unnecessarily and violently pushed her against a banister, which resulted in her knees being scratched and injured.

20. Once Defendant P.O. DYKER #19236 applied handcuffs to the Plaintiff, he aggressively yanked on the handcuffs unnecessarily as he led the Plaintiff to the squad car, resulting in injury to the Plaintiff.

21. The force used by Defendant P.O. DYKER #19236 was excessive and unreasonable.

22. At all relevant times, Defendant P.O. DYKER #19236 was acting pursuant to the customs and policies of the Chicago Police Department.

23. The actions of the Defendant P.O. DYKER #19236 were intentional, willful and done with malice.

24. Said actions of the Defendant P.O. DYKER #19236 violated the Plaintiff's constitutional rights as protected by 42 U.S.C. § 1983.

25. As a direct and proximate consequence of said conduct of the Defendant P.O. DYKER #19236, the Plaintiff, FRANCALIQUE GREEN, suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE** the Plaintiff, FRANCALIQUE GREEN, prays for judgment against Defendant P.O. DYKER #19236 for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT III – 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION

1-25. The Plaintiff, FRANCALIQUE GREEN, hereby re-alleges his allegations of paragraphs 1-25 of Count II as his respective allegations of paragraphs 1-26 of Count III as though fully set forth herein.

26. Subsequent to Plaintiff's arrest, Defendant P.O. DYKER #19236 caused Plaintiff to be detained without probable cause from July 5th, 2019 to July 6th 2019.

27. Defendant P.O. DYKER #19236 knew the charges he recommended to the States Attorney's Office for approval were false.

28. Due to the false allegations of Defendant P.O. DYKER #19236, the false criminal charges against the Plaintiff were approved.

29. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

30. As outlined above, Defendant P.O. DYKER #19236 caused Plaintiff to be detained without probable cause from July 5, 2019 to July 6, 2019 in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

31. The misconduct of Defendant P.O. DYKER #19236 as outlined above proximately caused injury to Plaintiff, FRANCALIQUE GREEN, including but not limited to, emotional pain and suffering, lost wages, attorney's fees, and costs.

**WHEREFORE** the Plaintiff, FRANCALIQUE GREEN, prays for judgment against Defendant P.O. DYKER #19236 for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT IV– INDEMNIFICATION – CITY OF CHICAGO

1-31. The Plaintiff, FRANCALIQUE GREEN, hereby re-alleges and incorporates her allegations of paragraphs 1-32 of Counts I-III as her respective allegations of paragraphs 1-33 of Count IV though fully set forth herein.

32. Illinois law provides those public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

33. The Defendant P.O. DYKER #19236 was an employee of THE CITY OF CHICAGO, acting within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendant P.O. DYKER #19236 be found liable for any of the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff FRANCALIQUE GREEN any judgment obtained against said officers.

### JURY DEMAND

The Plaintiff, FRANCALIQUE GREEN, hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
One of Plaintiffs' Attorneys
The Law Office of CN Norris, LLC
900 West Jackson Blvd., Suite 7E
Chicago, Illinois, 60607